## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**TERRANCE GUINN**                                    **PETITIONER**

**V.**                                    **CIVIL ACTION NO. 5:22 CV38 DCB-LGI**

**UNITED STATES OF AMERICA**
                                    **RESPODNENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Motions for Leave to Proceed *in forma pauperis* ("IFP") filed by Petitioner, who seeks a Writ of Relief from Judgment Pursuant to the All Writs Act, 28 U.S.C. § 1651 (a). Having examined the applications and financial affidavits submitted in support thereof, the undersigned recommends that the motion be denied based on the income and assets reported therein.

28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for those who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). Whether a party may proceed IFP in the district court is based upon economic criterion, including, but not limited to, information related to the applicant's income, assets, bank accounts, or expenses. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Such information is necessary to assess "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* It is a "privilege to proceed at the expense of the government [, i.e., the taxpayers] and the district court has the power to ensure that this privilege is properly granted." *Lay v.*

*Justs.-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987).  Accordingly, in evaluating an

allegation of poverty, the Court may "conduct reasonable investigations" into an

applicant's financial status. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441

(5th Cir. 2016) (affirming dismissal of action under Federal Rule of Civil Procedure

41(b) where the applicant for *in forma pauperis* refused to submit a completed

questionnaire); *see Prows*, 842 F.2d at 140 (providing that examination of plaintiffs'

"financial condition" involves "a review of other demands on individual plaintiffs'

financial resources, including whether the expenses are discretionary or mandatory").  A

litigant seeking authorization to proceed IFP need not be destitute but must show that the

motion is made in good faith. *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).

All applications, moreover, must be on the proper long form (AO 239) and must be

completed with specificity.

However, Petitioner's initial motion for IFP failed to provide any responsive

information concerning his income, assets, bank accounts, or expenses.  The answers

provided to ***every*** question regarding income, assets, and expense, including those related

to disability, unemployment payments, and public assistance, was either "N/A" or "0" on

the application form.  While the form permits such answers in lieu of leaving answers

blank, an affidavit in support of an IFP application is sufficiently supported where it

alleges that the affiant cannot pay the court costs but can still afford the necessities of

life.  *Morningstar v. Kroger Co.*, No. 21-60361, 2022 WL 1658244, at *1 (5th Cir. May

25, 2022), *cert. denied,* 214 L. Ed. 2d 104, 143 S. Ct. 250 (2022) (citing *Adkins v. E.I.

DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948)).

Because it was not apparent how Petitioner was "obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action," the undersigned directed Petitioner to file a second application supplementing and curing these deficiencies. *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2023 WL 116346, at *2 (S.D. Cal. Jan. 5, 2023). The undersigned further advised that if Petitioner, who was released from custody over a decade ago, has no monthly income and no monthly expenses, as reported in his initial IFP application, he must "explain the circumstances surrounding this arrangement*." Jennings v. United States Fed. Claims Ct.*, No. 5:21-CV-141-H-BQ, 2021 WL 5339648, at *1 (N.D. Tex. Oct. 28, 2021), *report and recommendation adopted,* No. 5:21-CV-141-H, 2021 WL 5326560 (N.D. Tex. Nov. 16, 2021). Without such information or clarification in this regard, this Court is unable to make a determination as to whether Petitioner is entitled to proceed without paying the costs of filing. *Rush v. Mississippi Dep't of Rehab. Disability Determination Servs.*, No. 3:19-CV-71-HSO-JCG, 2019 WL 3577704, at *5 (S.D. Miss. May 22, 2019) (finding that plaintiff's "refusal to respond forthrightly and completely to the Court's legitimate inquiry into the details of his financial situation deprives the Court of helpful information to make a proper determination and should foreclose [plaintiff] from proceeding" IFP). Having now reviewed his second IFP application, the undersigned recommends that Petitioner's request to proceed with his claims without paying the filing costs be denied.

As a threshold matter, the undersigned notes that in both applications to proceed IFP, Petitioner declared "under penalty of perjury that the information" provided therein was not only true, but that he "understood that a false statement on his application may

result in a dismissal" of his claims. As set forth below, not only do the assets and income listed on his second application suggest that he is able to pay the filing fee associated with his claim, Petitioner offers no explanation for failing to disclose the assets, income, and dependents listed on his second application on his previous application.

For instance, although Petitioner previously indicated that he had no income of any kind, he now advises that he receives $4,300.00 in total monthly income in the form of disability payments. Although Petitioner previously indicated that he had no bank accounts on his first application, Petitioner now advises that he has an account with the Navy Federal Credit Union which currently contains $800.00. In addition, despite previously reporting that he had no assets, including motor vehicles, Petitioner now lists two motor vehicles: a 2018 Nissan Maxima valued at $23,000.00, and a 2021 Cadillac Escalade valued at $77,490.00. According to the second application, his total monthly motor vehicle payment is $1,500.00.

In addition to these assets, Petitioner has now submitted an itemized list of living expenses totaling $4,356.00 for, *inter alia*, home maintenance and utilities. This is so, despite indicating on both his first and second applications that he has no home and makes no rent or home-mortgage payments. Petitioner does not explain the circumstances surrounding this arrangement. Nor does he offer any explanation for his failure to disclose the assets and income on his initial application. Indeed, despite previously indicating that there were no persons who relied upon him for support on his initial application, Petitioner now lists four children on his second application, ranging in ages from 8-18 years old, as the reason why he cannot pay the cost of these proceedings.

Yet, Petitioner does not indicate whether these dependents reside with him, and denies alimony, maintenance, or other support payments on both applications. Petitioner's current marital status is also unclear.

In evaluating whether a request to proceed IFP should be granted, courts often look to the Poverty Guidelines issued annually by the United States Department of Health & Human Services. *See Shepard v. U S Postal Inspection Serv.*, No. 2:21-CV-106-KS-MTP, 2021 WL 3828736, at *1 (S.D. Miss. Aug. 6, 2021), *report and recommendation adopted sub nom. Shepard v. U.S. Postal Inspection Serv.*, No. 2:21-CV-106-KS-MTP, 2021 WL 3828442 (S.D. Miss. Aug. 26, 2021) (collecting cases). Assuming arguendo that the Petitioner and the dependents listed on the second application all reside in the same household, the applicable Poverty Guidelines for a five-person household was $32,470.00. *See* Annual Update of the HHS Poverty Guidelines, 87 FR 3315-01 (Jan. 1, 2022). Petitioner's annual income of $51,600, therefore, exceeds the Poverty Guidelines by $19,130.00. Although Petitioner reports expenses on the second application which exceed his monthly income, courts have denied IFP applications even where the plaintiffs' expenses exceed their income. *See Slaughter v. Vilsack*, No. 4:12-CV-94 CDL, 2013 WL 1704909 (M.D. Ga. Apr. 19, 2013). Here, Petitioner asserts that he cannot pay the court costs and still afford the necessities of life; yet, he lists two motor vehicles on his second application, one of which is valued at over $70,000.00 alone. "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different

manner." *McCoy v. Colvin*, No. CIV. 13-2068, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013).

Because Petitioner's household income exceeds the applicable Poverty Guidelines and his reported assets suggest that he is financially able to pay the filing fee without imposing an undue hardship, Petitioner's applications to proceed IFP should be denied.

The inquiry does not end here, however.  Even if Petitioner qualified for IFP status, his petition is subject to dismissal.  28 U.S.C. § 1915(e)(2)(A) provides that if any time the court finds that "the allegation of poverty is untrue," it must dismiss the case, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." 28 U.S.C. § 1915(e)(2)(A).  Dismissal is mandatory if the court determines that "the contents of an IFP application are false." *Nottingham*, 837 F.3d at 441; *see also Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009) (affirming dismissal under § 1915(e)(2)(A) when the unrebutted evidence demonstrated that the plaintiff's IFP affidavits contained false information). *See Lay*, 811 F.2d at 286;  *Washington v. M. Rodrigue & Son, Inc.*, No. CIV.A. 12-938, 2013 WL 1814918, at *2–3 (E.D. La. Apr. 29, 2013) (finding the plaintiff's "false and misleading information in his Pauper Affidavit," were "sufficiently egregious to warrant the mandatory dismissal of his case with prejudice, as a penalty for defrauding the Court and as a deterrent of future conduct"). *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998) (affirming dismissal with prejudice where plaintiff did not disclose ownership of a home with $14,000 of equity).  Indeed, "[t]he only discretion the court has is whether to dismiss the case with or

without prejudice." *Mullins v. Hallmark Data Sys., LLC*, 511 F. Supp. 2d 928, 930 (N.D. Ill. 2007)

Because Petitioner has failed to provide any evidence or explanation for the inconsistencies in his IFP applications, including, but not limited to, the listing of four dependents on his second application, all of whom were born before the initial application was filed, the undersigned recommends that his petition be dismissed under 28 U.S.C. § 1915(e)(2)(A), with prejudice, or alternatively, without prejudice.  Should Petitioner file a timely objection to this Report and Recommendation, however, showing good cause for his failure to disclose the assets, expenses, and dependents on his first application, Petitioner should be directed to pay the filing fee within seven days of a ruling on the instant Report and Recommendation.

For the reasons stated herein, it is the recommendation of the undersigned United States Magistrate Judge that Petitioner's applications to proceed IFP be denied.  The undersigned additionally recommends that, absent a timely objection and good cause showing as outlined herein, the instant petition be dismissed under 28 U.S.C. § 1915(e)(2)(A), with or without prejudice, without further notice. Upon a determination by the United States District Judge that the requisite good cause showing has been made, however, the undersigned recommends that Petitioner be directed to pay the filing fee within 7 days of said determination.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file

written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on March 7, 2023.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE