IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERRANCE GUINN                                                        PETITIONER

VS.                                    CIVIL ACTION NO. 5:22-CV-38-DCB-LGI

UNITED STATES OF AMERICA                                              RESPONDENT

ORDER

BEFORE THE COURT is Petitioner Terrance Guinn's ("Petitioner") Motion to Set Aside Judgment Pursuant to Rule 60(b)(1),(5), and (6) ("Motion") [ECF No. 13]. The Court, having examined the Motion, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.   Factual & Procedural Background

On May 31, 2022, Petitioner filed a petition for a Writ of Relief from Judgment Pursuant to 28 U.S.C. § 1651. [ECF No. 1]. Petitioner simultaneously filed a Motion for Leave to Proceed in forma pauperis ("IFP Motion") in which he answered all questions regarding income, assets, and expenses with either "0" or "NA". [ECF No. 2]. Upon noticing deficiencies in Petitioner's IFP Motion, Magistrate Judge Isaac directed Petitioner to cure those deficiencies. [ECF No. 6]. Petitioner then filed a renewed IFP Motion in which he revealed he receives $4,300.00 in monthly income and that he owns substantial previously unreported

1

assets.[1] [ECF No. 7]. Petitioner also failed to explain his living situation that warranted the expenses he listed on his second IFP Motion. Id.

On March 7, 2023, Magistrate Judge Isaac, through a Report and Recommendation ("R&R"), recommended that the Court dismiss Petitioner's case based on the false contents of Petitioner's IFP Motion. [ECF No. 8]. Petitioner failed to object to the R&R. As such, the Court adopted the R&R and dismissed Petitioner case with prejudice on April 3, 2023. [ECF No. 11]. On April 25, 2023, Petition filed the instant Motion. [ECF No. 13].

II. Legal Standard

Under Rule 60(b), a court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The Court can also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6)'s

---

[1] "Although Petitioner previously indicated that he had no bank accounts on his first application, Petitioner now advises that he has an account with the Navy Federal Credit Union which currently contains $800.00. In addition, despite previously reporting that he had no assets, including motor vehicles, Petitioner now lists two motor vehicles: a 2018 Nissan Maxima valued at $23,000.00, and a 2021 Cadillac Escalade valued at $77,490.00." [ECF No. 8] at 4.

2

"catchall" provision is available, however, "only if extraordinary circumstances are present." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002).

The movant bears the burden of establishing at least one of Rule 60(b)'s bases for relief, and a determination of whether that burden has been met rests within the discretion of the Court. See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990) (abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994)).

III. Analysis

In his Motion, Petitioner alleges that he concealed his true financial status from the Court in his IFP Motion because he did not have access to the correct information at the time when he submitted the filing to the court clerk. [ECF No. 13] at 2. Petitioner argues that this excuses his misinformation and warrants relief under Rule 60(b)(1),(5), and (6). Id.

Rule 60(b)(1) permits a court to reconsider a previous ruling for mistake, inadvertence, surprise or excusable neglect. The question of whether a party has demonstrated excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Services Co. v. Brunswick Associates, 507 U.S. 380, 395 (1993).

"Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief," and a district abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993). "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." Vafaiyan v. City of Wichita Falls, 398 Fed.Appx. 989, 990 (5th Cir. 2010).

Petitioner's excuse in filing the IFP Motion, if it was not calculated deception, amounts to gross carelessness and a failure to comply with the rules regarding civil procedure. "The right of self-representation does not exempt [Petitioner] from compliance with relevant rules of procedural and substantive law" or the court's orders. Id. As such, Petitioner's self-inflicted mistake cannot form the basis for relief under Rule 60(b)(1). Id.

Federal Rule of Civil Procedure 60(b)(5) permits a court to relieve a party from a final judgment or order if, among other things, "applying [the judgment or order] prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5); Horne v. Flores,

4

557 U.S. 433, 447 (2009). The Rule "provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" Horne, 557 U.S. at 447 (quoting Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 384 (1992)).

The final judgment in this case has not been reversed or vacated, so the Court construes Petitioner' 60(b)(5) point to refer to an attack to equitable prospective enforcement. Horne, 557 U.S. at 447. Rule 60(b)(5) only applies to prospective orders, or those that "involve the supervision of changing conduct or conditions." Cook v. Birmingham News, 618 F.2d 1149, 1152 (5th Cir. 1980).

The Court's final judgment dismissed Petitioner's case and does not at all regard any ongoing supervision or conduct between the parties. [ECF No. 12]. As such, the Court is without jurisdiction to provide relief under Rule 60(b)(5).

Under Rule 60(b)(6), a court may relieve a party from a final judgment for "any ... reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, relief will be granted only in extraordinary circumstances. Hess, 281 F.3d at 216.

Petitioner's own inaction in part defeats the existence of extraordinary circumstances. Petitioner had an opportunity to

5

object to Magistrate Judge Isaac's R&R yet failed to do so. [ECF No. 11]. Such inaction generally precludes further review of the Court's final judgment on appeal. Acuna v. Brown & Root, Inc., 200 F.3d 335, 340 (5th Cir. 2000).

Further, Petitioner's Motion, which blames his misconstruction of the rules regarding IFP motions on the clerk's office and his own haste, simply does not present the court with any unique circumstances that warrant relief under Rule 60(b)(6). [ECF No. 13]. As such, the Court will deny Petitioner's Motion as to Rule 60(b)(6).

IV. Conclusion

For the foregoing reasons, Petitioner's Motion [ECF No. 13] shall be DENIED.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Judgment Pursuant to Rule 60(b)(1),(5), and (6) [ECF No. 13] is DENIED.

SO ORDERED, this 11th day of May, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE